IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALONZO MOORE,

    Petitioner,

vs.                                                                  NO. 1:02cv36-MMP/AK

MICHAEL W. MOORE,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

    This cause was reinstated, Doc. 21, after the Eleventh Circuit determined that Petitioner did not require its permission to file a second or successive petition, since his prior § 2254 petitions were dismissed without prejudice and thus had not received an adjudication on the merits. Doc. 19. Under that circumstance, this Court now turns to determining whether this petition, which is the second federal attack in this Court on the constitutionality of Petitioner's 1977 conviction, is timely.

    Having previously failed to convince this Court that the petition was timely under the usual scenario where the Court determines timeliness based on the date the conviction became final, *see* 28 U.S.C. §2244(d)(1)(A); *see also Moore v. State*, No. 4:99cv191-WS/WCS (N.D. Fla.), Petitioner now attempts to bring this case within one of the other subsections of the statute of limitations. Specifically, Petitioner argues that the limitations period for filing this cause should run either from (1) the date on which an

unconstitutional impediment which prevented him from filing was removed or (2) the date on which the factual predicate for the claim could have been discovered by due diligence.  28 U.S.C. § 2244(d)(1)(B) & (D).  The factual predicate for both of these claims is Petitioner's insistence that the State of Florida failed to provide him with a constitutionally adequate law library between 1977 and 1991, and that he did not know about the 1994 Notice to Class in the *Hooks* litigation until after his 1998 reincarceration.

Beginning in 1971, the *Hooks* class action challenged the sufficiency of Florida state prison law libraries.[1]  See *Hooks v. Singletary*, Cause No. 3:71CV144-RWN (M.D. Fla.); *Hooks v. Wainwright*, 578 F.2d 1102 (5th Cir. 1978) (affirming preliminary injunction forbidding prison officials from discontinuing legal services project until such time as state implements its own plan to meet *Bounds* requirements); *Hooks v. Wainwright*, 775 F.2d 1433 (11th Cir. 1985) (reversing district court's rejection of proposed legal assistance plan and finding that plan for ensuring meaningful access to courts does not require inclusion of attorney assistance), *cert. denied*, 479 U.S. 913 (1986).

Though the Court cannot dispute that there was a time when the State of Florida did not provide constitutionally sufficient prison law libraries, Petitioner has not provided any evidence that the constitutional infirmities which existed during Petitioner's first round of incarceration had not been removed by the time of Petitioner's reincarceration in the Florida Department of Corrections on January 30, 1998.  *See* http://www.dc.state.fl.us/ActiveInmates/search.asp.  By that time, the 1994 plan for

---

[1] For a succinct recital of the history of the *Hooks* litigation, see *Hooks v. Wainwright*, 775 f.2d 1433, 1439-40 (11th Cir. 1985).

*Case No: 1:02cv36-mmp/ak*

access to the courts, upon which Petitioner places so much reliance, had been replaced by the 1996 plan, and thus, any argument attempting to explain the tardy filing of the instant petition based on Petitioner's lack of an opportunity to object to the 1994 plan, which was a matter of public record, or his inability to discover the 1994 notice, which also was a matter of public record, until January 10, 2000, is plainly inconsequential. Furthermore, the record belies any argument that the State acted in any manner to impede Petitioner's access to this Court after his 1998 reincarceration. Within seven months of returning to prison, Petitioner filed, on September 1, 1998, a third motion for post-conviction relief in state court. Doc. 10, Ex. A at 102-127. He litigated this motion, which was denied as untimely and successive, through appeal. He then immediately filed his first petition for writ of habeas corpus in this Court on May 20, 1999. On that occasion he attacked the same 1977 conviction at issue here but without raising the timeliness arguments at hand, and he did not appeal the denial of the petition after his motion for reconsideration was denied. Thus, even before he discovered what he characterizes as the State's acknowledgment of its unconstitutional past acts, Petitioner was fully participating in a meaningful way in litigation related to his 1977 conviction.[2]

---

[2]The *Hooks* case was finally closed on December 11, 2000, with the court's adoption of a 1998 Report and Recommendation addressing the Department of Corrections' 1996 library plan, as amended in 1998. *See Hooks*, Cause No. 3:71CV144-RWN (M.D. Fla.) at Docs. 202, 242, & 247. In adopting the R&R, the district court found that the contents of the prison law library collections in the Department of Corrections Plan complied with the constitutional requirements of *Bounds v. Smith*, 430 U.S. 817 (1977). *Id.* at Doc. 280. The plan which was adopted was first noticed to the class in December, 1996. *Id.* at Doc. 202. The amendment was noticed in June, 1998. *Id.* at Doc. 242. On August 25, 1998, the court ordered the posting of a notice regarding the R&R so that prisoners could register with class counsel their comments and objections to the R&R no later than October 23, 1998. *Id.* at Doc. 248. The notice was to be posted not later than September 23, 1998. *Id.* As discussed *infra*, by that time, Petitioner was already filing motions in state court.

Petitioner has presented absolutely no reason that, at the very latest, he could not have filed the instant petition shortly upon his reincarceration. However, even when the Court gives Petitioner all reasonable (and even some possibly unreasonable) concessions, the petition remains untimely. Using September 1, 1998, as the beginning point[3] and then tolling the time between September 1, 1998, and the issuance of the mandate on or about April 5, 1999, on the third post-conviction motion,[4] the one-year began running on or about April 6, 1999.[5] It continued to run unabated during the entire time that the federal petition for writ of habeas corpus was pending. *See Duncan v. Walker*, 533 U.S. 167 (2001) (application for federal habeas corpus review is not application for state post-conviction or other collateral review, and thus, time for filing federal habeas petition is not tolled during pendency of petitioner's first federal habeas petition). Therefore, between April 6, 1999, and March 7, 2000, three hundred twenty-nine (329) days elapsed. Between March 8, 2000, and November 20, 2001, Petitioner's state court habeas petition was pending. If, under the same rationale as previously used, the Court tolls that period as well, the statute of limitations resumed running on November 21, 2001. By that time, Petitioner had only thirty-six days left on the one-year time period for filing this action, which was not filed until February 26,

---

[3]The Court chooses this date because this appears to be the first court filing Petitioner made after his January 30, 1998, reincarceration and clearly illustrates Petitioner's ability to have meaningful access to the courts.

[4]This generously assumes that the September 1, 1998, motion was a "properly filed" motion. In all likelihood, it was not since it was denied, in part, because it was untimely. *See Drew v. Department of Corrections*, 297 F.3d 1278 (11th Cir. 2002).

[5]The date for determining the conclusion of state court post-conviction proceedings does not include a ninety-day window for filing a petition for a writ of certiorari in the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166 (2001).

2002.[6] By then, the statute of limitations had clearly expired, and this petition is untimely.

Between September 1, 1998, when Petitioner first filed a court pleading after his reincarceration and December 27, 2001, the absolute last date when this petition could possibly have been timely, approximately five hundred ninety-five habeas corpus petitions were filed in this Court by state prisoners. That number does not include other types of habeas corpus proceedings filed by state prisoners, such as those filed pursuant to 28 U.S.C. § 2241, or § 1983 suits filed by state prisoners challenging the conditions of their confinement. In short, the Court can take judicial notice that any alleged deficiencies in the prison law library system has not hampered other prisoners from seeking redress in this Court, and Petitioner's unsupported allegations to the contrary do not support a finding that Respondent unconstitutionally impeded his access to this Court so as to delay the commencement of the one-year statute of limitations pursuant to § 2244(d)(1)(B) until January 10, 2000.

III.   Equitable tolling.

The time for filing a § 2254 petition may be equitably tolled, but only if a petitioner can show "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). In short, to qualify for equitable tolling Petitioner must show not only extraordinary

---

[6]The petition, which was signed on February 26, 2002, was not formally filed in this Court until March 20, 2002. However, the Court will use the February 26 date as the "filing" date pursuant to the mailbox rule since the Court does not have any other indication of when the petition was deposited with prison officials for mailing, and this is the most generous filing date in Petitioner's favor. *See Houston v. Lack*, 487 U.S. 266 (1988).

circumstances but also due diligence. *Diaz v. Secretary for Department of Corrections*, 362 F.3d 698, 701 (11th Cir. 2004). This is a difficult burden for a petitioner to overcome, and indeed, the Eleventh Circuit has rejected most claims of equitable tolling. *Id*. Instant Petitioner does not argue that he is entitled to equitable tolling of the statute of limitations, but giving Petitioner all reasonable inferences, he has arguably raised the issue based on the denial of meaningful access to the courts.

The Court has already discussed the argument regarding access to the courts. Though the Court's previous discussion arose in a different context, the Court finds nothing to alter its conclusions as they apply to the question of equitable tolling. *See also Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000) (alleged inadequacies of prison law library were not exceptional circumstances warranting equitable tolling of one-year filing period).

## CONCLUSION

For the reasons discussed *supra*, the undersigned finds that the instant petition was untimely filed. It is therefore respectfully **RECOMMENDED** that the amended petition, Doc. 6, be **DENIED AS UNTIMELY**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this __**15th**__ day of April, 2005.


    s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and

*Case No: 1:02cv36-mmp/ak*

**recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**