IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALONZO MOORE,

    Petitioner,

v.                                            CASE NO. 1:02-cv-00036-MP-AK

ROBERT BUTTERWORTH,
MICHAEL W MOORE,

    Respondents.

_____/

**O R D E R**

This matter is before the Court on Doc. 36, Motion for Certificate of Appealability ("COA"). Petitioner seeks appellate review of this Court's Order, Doc. 32, adopting the Report and Recommendation of the Magistrate Judge, Doc. 30, and dismissing the petition as untimely. Most of the procedural history is irrelevant to Petitioner's current Motion. The key facts are that Petitioner is challenging a state court conviction and this Court held that his current petition was untimely by 61 days. Specifically, Petitioner states that this Court erred in not adding 90 days to the statute of limitations for the time period during which petitioner could have filed for a writ of certiorari challenging his final denial of state post-conviction review.

This Court relied on the Eleventh Circuit's decision in <u>Coates v. Byrd</u>, 211 F.3d 1225 (11th Cir. 2002) in denying Petitioner's argument. Specifically, this Court stated:

> Petitioner objects to only one aspect of the Magistrate's Report and Recommendation. Petitioner asserts that the Magistrate erred in not allowing an additional 90 days, the time allotted to file a writ of certiorari with the United States Supreme Court following a judgment, to the statute of limitations period in accordance with 28 U.S.C. § 2244(d)(1) following the dismissal of Petitioner's final post-conviction motion. The Magistrate held that the 90 day period allowed in § 2244(d)(1) only applies when calculating the finality of a state court judgment, not to a post-conviction motion. For post-conviction motions, the

      Magistrate is correct that Petitioner is not entitled to an additional 90 days to file for a writ of certiorari. <u>Coates v. Byrd</u>, 211 F.3d 1225 (11th Cir. 2002)(discussing the difference between § 2244(d)(1), which allows an additional 90 days for calculating the finality of a judgment and § 2244(d)(2), which does not toll the statute of limitations for an additional 90 days to file for a writ of certiorari, but is merely tolled while the post-conviction motion is "pending.").

Doc. 32. It is this ruling which Petitioner now appeals.

    The COA requirement is a result of amendments made to 28 U.S.C. § 2253 by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. All appeals of habeas petitions which are filed after April 24, 1996, the effective date of the AEDPA, require that a habeas petitioner first receive a COA before a circuit court can hear the petitioner's appeal. See <u>Hunter v. United States</u>, 101 F.3d 1565, 1573 (11th Cir. 1996). Pursuant to the statute, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Section 2253(c)(3) requires the district court to indicate which specific issues, if any, a habeas petitioner is entitled to raise.

    In order to make the requisite "substantial showing of the denial of a constitutional right" [28 U.S.C. § 2253(c)(2)], "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" <u>Lozada v. Deeds</u>, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991) (emphasis and brackets in original) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893, n.4, 103 S.Ct. 3383, 3394, n.4, 77 L.Ed.2d 1090 (1983)). If a petitioner fails to make such a showing, his or her request for a COA must be denied. <u>See</u>, <u>e.g.</u>, <u>United States v. Riddick</u>, 104 F.3d 1239,

1241 (10th Cir. 1997); Hohn v. United States, 99 F.3d 892, 893 (8th Cir. 1996), petition for cert. filed (May 12, 1997) (No. 96-8986).

This Court relied on the Eleventh Circuits ruling in Coates to support its decision. That decision, however, has been disagreed with and called into doubt by sister courts of appeal. See, e.g., Abela v. Martin, 348 F.3d 164 (6th Cir. 2003) (discussing the proper application of the 90 day period to file for a writ of certiorari following denial of post-conviction relief and the differing methods of the various courts of appeal). As demonstrated by the in depth discussion of the Sixth Circuit in Abela, the issue is obviously debatable among jurists of reason and is in fact currently being debated among such jurists. Therefore, Petitioner has a right to raise the issues presented in his COA and addressed in Abela.

Accordingly, it is

**ORDERED AND ADJUDGED:**

Petitioner's Motion for Certificate of Appealability, Doc. 36, is GRANTED. Petitioner may raise the following issue on appeal:

> Whether the Eleventh Circuit's decision in Coates v. Byrd, 211 F.3d 1225 (11th Cir. 2002), is still the proper method of calculating the statute of limitations, under 28 U.S.C. § 2244(d)(2), for filing a petition for a writ of habeas corpus following denial of state post-conviction relief or should the statute of limitations be tolled an additional 90 days for the period to file for a writ of certiorari to the United States Supreme Court following the denial of state post-conviction relief.

**DONE AND ORDERED** this __6th__ day of July, 2005.

                        *s/Maurice M. Paul*
                  Maurice M. Paul, Senior District Judge